UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,       )
                                )
          Plaintiff,            )
                                )
v.                              )          3:24-CR-87-KAC-DCP-7
                                )
ALEXA ROBLES,                   )
                                )
          Defendant.            )

## ORDER CONTINUING TRIAL

This criminal case is before the Court on Defendant's March 31, 2026 "Motion to Continue Trial and Enlarge Relevant Deadlines" [Doc. 140]. It appears that Defendant's trial is currently scheduled to begin on April 7, 2026. Defendant moves the Court to continue the trial date, asserting that she needs "additional time to attend an upcoming change of plea hearing on April 10, 2026 and enter a guilty plea pursuant to the plea agreement that was filed on March 17, 2026" [*Id.* at 1]. In support, Defendant asserts that "an Unopposed Motion to Continue and to Extend Deadlines was filed with this Court on March 4, 2026 by Co-Defendant Mateo James" [*Id.*]. And the Court recently reset the trial of this action to August 8, 2026 generally [*See* Doc. 137]. Defendant "does not oppose a continuance of the trial date to August 18, 2026" [Doc. 140 at 1]. Defendant further asserts that her interest in continuing her trial date "outweighs the interest of the public and the Defendant in a speedy trial" [*Id.*].

The Court may extend a deadline for "good cause" upon a party's motion made "before the originally prescribed or previously extended time expires." Fed. R. Crim. P. 45(b)(1)(A). The Court may also extend time "on its own." Fed. R. Crim. P. 45(b)(1). As is also relevant here, the Speedy Trial Act requires that a criminal case be tried within seventy (70) days after the later of

the public filing of the Indictment or the Defendant's initial appearance. *See* 18 U.S.C. § 3161(c)(1). However, certain "periods of delay" are excludable. 18 U.S.C. § 3161(h). For example, "any period of delay resulting from a continuance granted by [a] judge on [her] own motion or at the request of the [D]efendant or . . . the Government" is excludable if the Court granted the continuance because "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

Defendant requests a continuance to afford her time "to attend an upcoming change of plea hearing on April 10, 2026 and enter a guilty plea pursuant to" her plea agreement [Doc. 140 at 1]. This is sufficient to establish "good cause" under Rule 45(b)(1)(A) to support Defendant's motion. The ends of justice served by continuing outweigh the best interest of the public and Defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). Defendant has reached an agreement with the United States and intends to plead guilty in accordance with that agreement. A failure to continue this case under these circumstances would likely result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

Accordingly, the Court **GRANTS** Defendant's motion to continue the trial date and **RESCHEDULES** Defendant's trial to **August 18, 2026 at 10:00 a.m.** If trial becomes necessary, the deadlines in the Court's March 20, 2026 Order [Doc. 13] apply equally here.

The time between and including the current trial date of April 7, 2026 and the new trial date of August 18, 2026 is fully excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(A)-(B).

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

2